Good morning. We have five appeals that are scheduled for oral argument this morning, and I see that counsel are ready for the first case. It's Maurice Campbell v. United States of America. Dustin Fowler is here for the appellant Campbell. Michael Billingsley is here for the United States, and Mr. Fowler, you may begin your argument. Good morning, Your Honors, and may it please the court. The petitioner's motion to amend his original 2255 motion relates back because the amended motion seeks to flesh out and expand upon the claim of ineffective assistance of counsel that was presented in the original 2255 motion, which was how trial counsel was ineffective for failing to present evidence or actually contest the loss amount attributed to Mr. Campbell. In his original 2255 motion, Campbell argued extensively that his trial attorneys were ineffective for failing to provide evidence of the actual loss amount and by failing to contest the loss amount asserted by the government. On page 21 in his original 2255 motion, Campbell requested an opportunity to put on testimony at an evidentiary hearing regarding evidence on the dollar amount loss computation. And as we all know in financial cases, as this court is aware and has stated in previous cases at the 11th Circuit, the loss calculations drive the Senate. In the cause trial counsel's failures, Campbell's sentence was wrongfully increased based upon the sentencing guidelines loss amount. And this claim was properly asserted in his original motion and probably expanded upon in his motion to amend. And as we all know, restitution and loss amounts are mirror images of each other. While counsel cited in his 2255 honeycut, this is not a honeycut motion. It's not. We understand that we cannot go back, as the law stands today, on forfeiture and restitution. But counsel at the time, even though I was not trial counsel at that level of the 2255, was trying to establish honeycut as a framework to establish loss calculations. This is not a honeycut motion. Also, in the amended petition that was filed, counsel cited to U.S. v. Cavallo talking about loss amounts and how they mirror restitution. Again, this is not a honeycut motion. I won't even go as far as to say that they did not need, counsel did not need or the petitioner did not need to file an amended 2255 because there was enough regarding trial counsel's failure in the loss amounts in the original petition. If Mr. Campbell were to receive relief on his 2255 motion, I realize I'm jumping ahead a little bit, what would the effect be on his remaining custodial sentence? He is due to be out in August of 2024. The amount was between, I believe, $2.5 and $7 million, which puts you at a level 18. If we were to show either under honeycut, his individual loss, or all the conspirators, and we were able to get the $6.1 million, which was stated throughout the work extensively, below that, Mr. Campbell would be released. If we go back to the original motion, can you point me to anything in that motion that can reasonably be construed as having a relationship to forfeiture or restitution? Yes, sir, your honor. Page 19 of the original petition, the actual figure distributed to the schools directly and indirectly was approximately $6.1 million. And it was stated in the petition, again, on page 19 of the original 2255 motion. Trial counsel could have demonstrated the full amount distributed to the schools, but he failed to do so. This figure, this is on the same page, your honor, page 19. This figure was reflected in the contracts and checks that were readily available to counsel, yet he made no showing. Defense counsel failed to call Witness Johnson or any other witnesses who could show the approximately $6.1 million distribution of monies. He failed to examine Witness Johnson regarding the amount on page 20 of the original 2255. Defense counsel failed to call any witnesses as sentencing to establish the distribution of the $6.1 million. What I think is telling, your honor, is on page 21. In this petition, on page 21, Mr. Campbell requested an opportunity to put on testimony at an evidentiary hearing regarding the inaccurate loss amounts. This was extensive through the brief. He doesn't mention the word forfeiture at all in the original. He does not, your honor. Yeah. He does not. Okay. Because the word is not available, your honor, to attack forfeiture. But the word forfeiture or restitution is not in the original motion. That is correct, your honor. Okay. It stated loss amounts in the original motion. Okay. The motion to amend, does that contain the text of what you would propose as the amendment? It does, your honor. Again, in the amendment, I understand this amendment with all due respect to counsel that filed the original 2255 motion. I understand it's not clear and concise, but there was definitely enough contained in there regarding the loss amount calculations and counsel's ineffectiveness related to that. That was even noted in the COA. That was argued extensively in there by counsel. Again, I admit, your honor, it's not clear. It's not. But the heart and soul of that argument is in that original petition. What about the fact that the district judge said that because of the variance on the sentence that he gave, that regardless of the guideline calculation, he would have given that same sentence? Your honor, that's a very good question. In footnote number nine of Campbell's direct appeal, the court said they would not address that issue because they deemed on direct appeal, because they had no other evidence before them, that couldn't be decided. That's in footnote nine of Campbell's direct appeal. My response is this, your honor. The district judge varied based upon Campbell's goodwill towards his fellow man, his community service, his age. None of that would change if his guideline offense level was reduced. He would still be a good man. He would still have done community service. He would still be the same age. To me, it would be axiomatic that his sentence would have decreased if the guideline amount had decreased. For example, from an 18 to a 14 or an 18 to a 12. None of the factors of him being a good person of what the court varied for would have changed. That doesn't mean the district judge would have gone down on the sentence. Correct, your honor. That issue was not addressed in direct appeal of Campbell in footnote nine. You pretty much admit though, don't you, that the original motion was pretty confusing and convoluted. We were reviewing the district court's decision on the rule 15 motion for an abuse of discretion. Maybe the judge could have gone the other way, but how can we say that the judge abused his discretion given the confusing and convoluted nature of the original 2255 motion? I think where the confusion lies is this. The original claims filed in the original 2255, the loss amount was not enumerated one through four. It was not. But the substance, the heart of the loss amount in effectiveness of trial counsel was put in there on pages 18 through 21. It was just not enumerated. There has to be a common core of operative facts uniting the original petition with the newly asserted claims. There's got to be more than what you're saying, right? I disagree, your honor. That's what our law says. I believe the common core of operative facts will play sufficiently in the original 2255 on page 18 through 21. In the amended 2255 motion, just expanded upon that and fleshed it out. If there's not any more questions, I'll reserve the rest of my time. All right. Thank you, Mr. Fowler. We'll hear from Mr. Billingsley. Thank you. Good morning. May it please the court. A little bit confused because all the argument we posted this morning was about loss. And what we're looking at is whether the motion to amend was properly denied by the district court. And the motion to amend was about restitution and forfeiture. The first time that he came back and said this is not just about that, it's about amending the loss claim as well, was in the reply brief. And we would submit that's too late. The district court considered this issue as one seeking to raise claims of restitution and forfeiture. That's how it was addressed. That's how it was treated. That's why it was rejected. And we stand by the district court's reasoning on the relation back. But what I want to say this morning is that a court cannot abuse its discretion by denying a motion to amend when the claim sought to be raised in the amendment is a claim that's not cognizable in the proceedings. In other words, how can you amend a 2255 motion to raise a claim that you can't present in a 2255 motion? And that goes to the restitution and forfeiture. He's conceded that you can't raise those claims in 2255. And that's why we're trying to turn this back to loss. But the COA this court granted is about restitution. The court said the restitution and actual loss are very similarly calculated. Most times they're the same thing. So that's what we're talking about when we're reviewing the district court's decision on the motion to amend. The loss claim that was raised in the original petition was denied by the district court. And this court affirmed that by denying a COA on that question. So the way we see what's presented to this court is whether the district court properly denied the motion to amend to raise claims that attack the forfeiture and the restitution order. And again, how can the court abuse its discretion by denying a motion to amend when the claim in the amendment is something the court can't consider? It's not cognizable in these proceedings. We think it's that straightforward. I'm happy to answer any questions that the court has. So assuming we were to consider the loss amount issue aside from restitution and forfeiture as having been properly raised, it seems to me that the district court ignored a set of facts. The district court opinion focused on the conflict aspect rather than the loss amount. And I'm concerned that in that respect the district court may have abused its discretion. Well, again, I would say that that's beyond the scope of the COA because then you're getting into the merits of the loss claim. The COA was just about the relation back of the restitution claim. But the court dismissed those claims that they were conclusory in nature. And again, this court affirmed that by denying a COA. He asked for a COA on the court's treatment of the loss claim, the IC claim related to loss, and this court denied that. The other thing I would say about it, Your Honor, is that loss was probably the most litigated issue in this case. If you go back and read the sentencing issue, it was all about loss. Defense counsel made a whole lot of arguments about loss and calculating loss and giving him credit for things. On direct appeal, that was the primary issue addressed by this court. This court wrote an extensive opinion that went through these things and said you can't get credit for business expenses like attorneys or accountants when you're paying accountants to look the other way so you can continue your scheme. Let me ask my question another way. Where did the district court consider the information on pages 18 to 21 in the original petition that your colleague has argued about? I don't think it specifically detailed those, but it said that his allegations were conclusory in nature and were insufficient to warrant further proceedings. And again, this court affirmed that by denying the COA on that claim. I think that if you read it again, I think this is a new argument to say this is not about restitution and forfeiture. This is about amending the loss claim. And I think I heard him correctly just say that that wasn't really even necessary because it was in the original petition, that claim. And we agree with that.  But those were resolved. And they're not pertinent to the district court's decision to deny the motion to amend because the motion to amend was construed by the district court, we think fairly read by the district court, to raise claims related to restitution and forfeiture, not to add additional allegations regarding loss, the loss litigation. In fact, there aren't any additional factual allegations or anything like that related to loss in the motion to amend. The last thing I would say is that I recognize that the district court did not, it did a more common analysis, a relation back analysis under Rule 15. What I'm saying is, you know, you can't relate back a claim, a claim that cannot be considered in a 2255 motion, cannot relate back to a 2255 motion. It didn't do that analysis. But this court can affirm for any reason that's supported by the record. There would be no basis to remand the case because that's a question of law. This court's precedent is clear that you can't consider noncustodial issues in a 2255. These acknowledge that. So we think there would be no reason to remand the court to make that determination and affirm on that basis itself. All right. I think we have your argument. Thank you, Mr. Billingsley. We'll hear from Mr. Fowler. If I may, Your Honor. This is about more than restitution and forfeiture, and that's what the government is trying to couch it in. And I think that's telling because it relates back. All the original petition was enough to get a hearing on that. In the amended petition, it is stated United States versus Cavallo. I believe United States versus Futrell is stated in there. It talks about loss amounts in the amended petition, not just about restitution, not just about forfeiture. That is in the amended petition. Where are you talking about? Petitioner's motion to amend. Yeah, I see where you cite United States versus Cavallo. But then you say, in most cases, the amount of loss under the guidelines will be the same as the restitution figure. Again, harking back to your restitution argument.  Yes, ma'am, Your Honor. I don't think you can separate those for calculation purposes. Again, I think they're mirror images of each other. There's case law in the 11th Circuit that actual loss for restitution purposes is largely the same as proving actual losses for guideline loss calculation purposes. They're mirror images of each other. I mean, for lack of a better term, simplistically stated, they're twins. If you've got, if the loss amount is this number, as far as the guidelines, then the restitution amount has to be this number. And in this situation, regarding the amendment, the 2255 amendment, the petitioner used Honeycutt as a framework or matrix to analyze the loss amount based upon forfeiture because forfeiture and restitutions and sentencing guideline loss amounts are mirror images. That was all it was used for, Your Honor. So that language that you pointed me to, that's where you're contending that you made an argument about the guidelines range, excuse me, as opposed to restitution? Yes, ma'am.  That case was recorded specifically in the petitioner's motion to amend. Again, it's our position that the amendment, the 2255 motion to amend, is not a Honeycutt motion. We concede that. It's a framework to calculate loss guidelines. And I'd also like to point out one other thing. I believe in a case, the Dean case before this 11th Circuit issued, it talked about the allegations being sparse in an original 2255 to relate back. And they related three amendments back in that case. I do not believe the allegations in the original 2255 were sparse. Were they convoluted? Absolutely. Were they clear and concise? No. But the heart and soul of that argument was there. The government is asking your honors to put form over substance. Simplistically, that is their argument. It was not clear. It was not concise. Don't grant it. The district judge focused on the first four, such as conflict and the other issues raised and not the loss amount. But the loss amount was there. Pages 18 through 21, it was there. And the amendment did nothing but supplement that. And that's why the case of Cavallo was cited there. Again, the ineffective assistance counsel claim relates back to the loss amount, not restitution and not forfeiture. If the court doesn't have any questions, I would ask that you remand this back for an evidentiary hearing and grant the appellate's relief. All right. Thank you, counsel.